IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY CHESTNUT, individually and as Personal Representative of the estate of JOSEPH MARK CHESTNUT, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-CV-0084-CVE-SAJ<br>) |
| KHALID PERVEZ, BCC TRUCKING, LLC, and NORTHLAND INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Northland Insurance Company's Separate Motion to Dismiss, or In the Alternative, Motion to Strike Punitive Damage Claim. Dkt. ## 21, 24. Northland asserts that plaintiff does not have a direct claim for relief against it, as it is not a proper party to this action. Plaintiff argues that pursuant to the Oklahoma Motor Carrier Act of 1995 ("the Act"), OKLA. STAT. tit. 47, § 230.21, insurers of motor carriers can be directly sued for losses resulting from an accident caused by the operation of a motor carrier. If its motion to dismiss is not granted, Northland seeks dismissal of the plaintiff's punitive damages claim on the ground that a plaintiff is not authorized under the Act to seek punitive damages against a motor carrier's insurer. Plaintiff has consented to dismissal of the punitive damages claim as to Northland.

**I.**

Plaintiff Tammy Chestnut, individually and in her capacity as representative of the estate of Joseph Mark Chestnut ("Chestnut"), deceased, seeks to recover for losses resulting from a fatal motor accident. Chestnut was driving his truck in Oklahoma on the evening of April 11, 2007. Dkt. # 2, at 2. Khalid Pervez, an employee of BCC Trucking LLC ("BCC"), allegedly parked or stopped his truck, with attached semi-trailer, in the right lane of traffic on Interstate 44 West in Ottawa County, Oklahoma. Dkt. # 2, at 3. Plaintiff claims that Pervez's vehicle did not have its lights turned on at the time of the accident. Dkt. # 2, at 3. At approximately 2:10 a.m., Chestnut's vehicle struck Pervez's vehicle, causing an explosion that resulted in Chestnut's death. Dkt. # 2, at 2-3.

Plaintiff alleges that Northland was the insurer of Defendants Pervez and BCC at the time of the collision, and states that "every issue of law and fact in this action is wholly between citizens of different states."[1] Dkt. # 2, at 2. Plaintiff did not allege that BCC is a motor carrier licensed in Oklahoma, nor did plaintiff allege the state in which BCC is licensed and registered.

**II.**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss a complaint for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The complaint must provide "more

---

[1]   Northland does not challenge subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); however, plaintiff's complaint fails to allege complete diversity between plaintiff and all defendants.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. V. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

### III.

In its motion to dismiss, Northland argues that plaintiff failed to allege facts showing that section 230 of the Act permits a direct action against Northland. Dkt. # 21. Plaintiff responds that BCC "is affirmatively required to obtain a license from the Oklahoma Corporation Commission as a condition for operating in the State of Oklahoma," thus creating a direct claim for relief against BCC's insurer. Dkt. # 26.

The Act mandates that a motor carrier seeking an Oklahoma license must file its insurance policy with the Oklahoma Corporation Commission ("OCC"). OKLA. STAT. tit. 47, § 230.30(A).

According to the statute, filing a motor carrier insurance policy with the OCC provides a direct claim for relief against the motor carrier's insurance company, and makes the insurer a proper party in an action to recover damages in the event of an accident. Id.; see also Blanke v. Alexander, 152 F.3d 1224, 1228 (10th Cir. 1998). To state a claim against a motor carrier's insurer under section 230.30, a plaintiff must allege that: (1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to section 230.30. Mize v. Liberty Mutual Insurance Co., 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005).

Section 230.28 of the Act states that it shall be "unlawful for any motor carrier to operate or furnish service within this state without first having obtained from the Commission a license declaring that all insurance requirements have been met...." OKLA. STAT. tit. 47, § 230.28(A). The statute does not define the terms "operate" or "furnish service," nor does it specify whether an out-of-state motor carrier that is licensed and insured in another state is also required to be licensed in Oklahoma.[2]

The parties disagree on whether or not all motor carriers driving in Oklahoma are required to be licensed and insured pursuant to Oklahoma law. Plaintiff argues that BCC was required to obtain an Oklahoma license, and thus required to file its insurance policy with the OCC prior to the grant of such a license. Dkt. # 26, at 2-3. Northland claims that BCC is an out-of-state trucking company and is not required to apply for an Oklahoma license or otherwise obligated to file its insurance policy with the OCC. Dkt. # 21, at 5. However, it is premature to consider these differing views, as there are significant factual omissions that must first be addressed. It is not evident from

---

[2]   Pursuant to the federal Single State Motor Carrier Registration Act, only a state acting in its capacity as a registration state may require a motor carrier to file proof of insurance. 49 U.S.C. §14504(C)(2)(a).

the parties' filings where BCC maintains its principal place of business or where it is licensed and insured. Without those facts, the Court cannot determine which interpretation of Oklahoma law is correct. Nonetheless, Oklahoma law generally permits direct actions against the insurer of a motor carrier. See Daigle v. Hamilton, 782 P.2d 1379, 1381 (Okla. 1989) (citations omitted). As the parties made use of public roads in Oklahoma, the accident occurred within the state, and as the Court is required to construe the facts in favor of the plaintiff, plaintiff has raised an inference that Northland is a proper party to this action.[3]

**IV.**

In the alternative, Northland moves for dismissal of the punitive damages claim against it. Northland claims that punitive damages are not available against insurers of motor carriers in Oklahoma. Dkt. # 21, at 7. The statute provides that compensation is available for "injuries to, or death of, persons, and loss or damage to property," but is silent as to the availability of punitive damages against an insurer. OKLA. STAT. tit. 47, § 230.30(A). Plaintiff "does not object to the punitive damage claim being stricken" as to Northland. Dkt. # 26. Therefore, the punitive damages claim against Northland only should be dismissed.[4]

**V.**

This Court has an independent obligation to determine if subject matter jurisdiction exists and may raise the issue sua sponte at any stage in the litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (citing Arbaugh v. Y&H Corp., 546 U.S.

---

[3]   The Court's ruling is based on the record to date; Northland is free to raise this issue again at a later time.

[4]   Plaintiff may still have a punitive damages claim against Pervez and BCC.

500, 506, 126 S.Ct. 1235, 1240 (2006)).  Pursuant to 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs.  McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008) (citations omitted).  A corporation is treated as a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  Plaintiff does not allege a state of incorporation or a location of the principal place of business for either Northland or BCC, other than to allege the parties are "citizens of different states."  Accordingly, plaintiff's jurisdictional allegations are insufficient.  The Court will permit plaintiff to file an amended complaint to properly allege complete diversity of citizenship between all parties.

**IT IS THEREFORE ORDERED** that Northland's motion to dismiss is **denied in part** and **granted in part**: it is denied as to the direct action (Dkt. # 21); it is granted as to punitive damages (Dkt. # 24).

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within fifteen (15) days of this Order that includes additional jurisdictional and factual allegations, and without the punitive damages claim against Northland only.

**DATED** this 8th day of September, 2008.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6